# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: _____

CHRISTIAN RAPP, on behalf of himself and all others similarly situated,

    Plaintiff,

v.

HV OCCUPATIONAL HEALTH ADVISORS OF AMERICA, LLC, a Texas limited liability company;
ROBERT MITCHELL; and
ADEN SCHILLIG,

    Defendants.

---

## COMPLAINT AND JURY DEMAND
---

Plaintiff Christian Rapp ("Plaintiff"), on behalf of himself and all others similarly situated, by and through counsel, Lewis Kuhn Swan PC, complains as follows:

## NATURE OF THE ACTION

1. This action is brought on behalf of all site paramedics and individuals holding comparable positions with different titles (collectively "Paramedics") employed by HV Occupational Health Advisors of America, LLC ("HV") within the United States during the last three years, plus any period of tolling.

2. This case is brought as a collective action under 29 U.S.C. § 216(b) of the Fair Labor Standards Act of 1938 ("FLSA").

3. Plaintiff alleges that Defendant violated the FLSA, 29 U.S.C. §§ 201 *et seq.*, by failing to pay Paramedics overtime compensation at applicable rates as required by law.

## JURISDICTION AND VENUE

1. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff alleges a claim under the FLSA.

2. HV is subject to personal jurisdiction in Colorado because it conducts substantial business in this state and certain of the acts and omissions alleged herein occurred in this state.

3. Robert Mitchell ("Mr. Mitchell") and Aden Schillig ("Mr. Schillig") are subject to personal jurisdiction in Colorado because they purposefully availed themselves of the privilege of conducting business in Colorado.

4. Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## THE PARTIES

5. Plaintiff is, and was at all relevant times relevant to this action, an adult individual who is domiciled and resides in Colorado Springs, Colorado.

6. HV is a limited liability company organized and existing under the laws of the State of Texas with its principal place of business in that state.

7. Mr. Mitchell is HV's Vice President of Operations. Mr. Schillig is HV's Clinical Director. Messrs. Mitchell and Schillig are collectively referred to herein as the "Individual Defendants."

8. As detailed below, the Individual Defendants are responsible for HV's pay practices and exercise substantial control over HV's finances and operations to include determining rates and methods of paying HV employees. Accordingly, they are individually liable for HV's illegal pay practice practices alleged herein. HV, together with the Individual Defendants,

are collectively referred to herein as the "Defendants."

## COLLECTIVE ACTION ALLEGATIONS

9. Plaintiff seeks to prosecute his FLSA claim as an "opt-in" collective action on behalf of all persons who are or were employed by HV as Paramedics in the United States at any time in the last three (3) years, plus any period of tolling, through the entry of judgment in this case and who were not paid overtime for all hours worked in excess of 40 in a workweek ("Collective").

10. Plaintiff will fairly and adequately protect the interests of the members of the Collective and has retained counsel who are experienced and competent in the fields of wage and hour law and collective action litigation. Plaintiff has no interest contrary to or in conflict with the members of the Collective.

11. The members of the Collective are similarly situated because, among other things, they were all victims of the same company-wide policies and procedures that failed to pay them all the wages to which they are entitled under the FLSA.

## STATEMENT OF FACTS

12. HV is a for-profit healthcare entity that provides emergency and preventative medical services at construction sites throughout the United States.

13. Until in or around June 2020, HV provided on-site services at a "wind farm" in Kit Carson County, Colorado known as the Cheyenne Ridge Wind Construction Project ("Wind Project"). HV had been retained by the Wind Project's general contractor, Mortenson Construction ("Mortenson"), to provide emergency and preventative medical care and training for Mortenson's employees.

14. On information and belief, HV has provided, and continues to provide, services to general contractors at other wind farms, both in Colorado and in other states.

15. Plaintiff was employed by HV as a Paramedic at the Wind Project from on or around August 22, 2019 to on or around April 23, 2020.

16. Paramedics' primary job duties include:

    a. Dispensing first aid to injured and ill workers;

    b. Filing and maintaining patient care records;

    c. Performing urine drug screenings when needed;

    d. Ensuring that staff members at each tower wear appropriate personal protective equipment ("PPE") and providing PPE where needed; and

    e. Reporting safety issues to the general contractor as needed.

17. Other job duties for which Paramedics are occasionally responsible include:

    a. Conducting first aid and CPR training classes;

    b. Coordinating with local first responders to arrange for the transport and care of injured and ill workers;

    c. Participating in mock disaster scenarios managed by general contractors; and

    d. Participating as a member of the rescue team in emergency situations.

18. Paramedics do not have the authority to hire or fire employees or to make recommendations concerning hiring or firing. They also do not have authority to exercise discretion or independent judgment as to matters of significance, are not involved in the management of HV, and have no subordinates.

4

19. Defendants improperly classified Plaintiff and other Paramedics as exempt from the overtime requirements of the FLSA.

20. HV has paid, and continues to pay, its Paramedics a flat biweekly salary of approximately $1,920, which is the equivalent of $50,000 annually. Paramedics receive a paycheck from HV every two weeks.

21. The Individual Defendants developed and implemented HV's pay practices and retain total control over those practices. Among other things, the Individual Defendants have authority to, and in fact have, set Paramedics' rate of pay and payment schedule.

22. The Individual Defendants exercise total control over HV's personnel decisions. For example, the Individual Defendants hired Plaintiff in or around August 2019 and made multiple other hiring and firing decisions in the eight months Plaintiff was employed by HV.

23. The Individual Defendants exercise total control over Paramedics' work schedules, including the number of hours Paramedics work. For example, the Individual Defendants determined Plaintiff's work schedule and communicated that schedule to Plaintiff over the phone on multiple occasions. Individual Defendants made it clear to Plaintiff that he was to comply with their scheduling demands and not to question those demands.

24. Mr. Mitchell determines where Site Paramedics are assigned. For example, in August 2019, Mr. Mitchell assigned Plaintiff to work at the Wind Project in Kit Carson County, Colorado.

25. Mr. Mitchell regularly—and unilaterally—changes Paramedics' assignment locations so that that some Paramedics are required to travel between multiple states for work. For example, over a period of little more than a year, Mr. Mitchell assigned Shane Johnson to work at

construction sites in Texas, Wyoming, and several other states. Mr. Mitchell made it clear that he expected Mr. Johnson to comply with the assignment changes and not to question those changes.

26. Individual Defendants provide most of the essential materials Paramedics need to perform their job duties. For example, Messrs. Mitchell and Schillig provided Paramedics at the Wind Project medical equipment and safety gear, enabling Paramedics to provide first aid and safety training.

27. Individual Defendants control the nature of Paramedics' job duties as well as the relationships Paramedics have with general contractors. For example, Messrs. Mitchell and Schillig dictated Plaintiff's specific job duties and how he interacted with Mortenson, the general contractor at the Wind Project.

28. Paramedics frequently work more than 50 hours per workweek and routinely more than 65 hours per workweek. For example, Plaintiff worked 76.75 hours in the workweek starting on November 10, 2019; 77.75 hours in the workweek starting on November 17, 2019; and 77.25 hours in the workweek starting on January 26, 2020. Defendants, however, failed to pay Plaintiff for all of this time in violation of the FLSA.

29. Defendants are aware of the number of hours Paramedics work because HV requires its Paramedics to submit timecards on a weekly basis.

30. Defendants failed to clearly communicate to Paramedics that they were to be paid a flat rate or on fluctuating workweek basis. For example, Plaintiff's offer letter from HV stated that he was to be paid "$50,000 U.S. Dollars a Year Salary … [for] up to 62 hours a week … [and] *[a]fter* working 62 hours each week, a *flat rate* will be paid of $24.00" (emphasis added). Plaintiff reasonably interpreted this language to mean that his rate of pay would vary depending on whether

6

he worked more or less than 62 hours weekly.

31. In reality, Plaintiff's biweekly paychecks were always for the same amount regardless of whether he worked more or less than 62 hours weekly.

32. On information and belief, other Paramedics' offer letters contained language identical to that set forth above. On information and belief, these other Paramedics also reasonably interpreted this language to mean their rates of pay should vary depending on whether they worked more or less than 62 hours weekly.

33. On information and belief, other Paramedics' biweekly paychecks are always for the same amount regardless of whether they work more or less than 62 hours.

34. Defendants have failed to pay Paramedics, including Plaintiff, for all their hours worked and/or to properly calculate Paramedics' proper rates of overtime pay.

35. Defendants have in place inadequate timekeeping methods for tracking and recording the time Paramedics spend working. Although Defendants require Paramedics to submit timecards, the timecards do not accurately reflect the actual number of hours Paramedics have worked. For example, Paramedics often run errands for general contractors and engage in other job-related activities that are not accounted for on the timecards.

36. Defendants have a uniform policy and practice to not pay Paramedics for all hours worked in excess of 40 per workweek.

37. Further, Defendants' violations of the FLSA are willful. Defendants are well aware of their legal obligation to pay overtime compensation because, among other things, HV has been sued for not paying minimum wages and/or overtime in the past.

## CLAIM FOR RELIEF
### FAIR LABOR STANDARDS ACT – COLLECTIVE ACTION
*(Against All Defendants)*

38. Plaintiff incorporates by reference all preceding paragraphs of this Complaint.

39. At all relevant times, HV has been, and continues to be, an employer engaged in interstate commerce within the meaning of the FLSA.

40. At all relevant times, Mr. Mitchell has been, and continues to be, an employer engaged in interstate commerce within the meaning of the FLSA.

41. At all relevant times, Mr. Schillig has been, and continues to be, an employer engaged in interstate commerce within the meaning of the FLSA.

42. At all relevant times, Defendants employed and/or continue to employ each of the members of the Collective within the meaning of the FLSA.

43. At all relevant times, HV has had gross annual revenues in excess of $500,000.

44. Plaintiff consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b). A copy of Plaintiff's written consent is attached as Exhibit 1.

45. At all relevant times, Defendants have had a uniform policy and practice to not pay Paramedics for all hours worked and/or failing to pay overtime compensation for all overtime hours at legally mandated rates.

46. As a result of Defendants' willful failure to properly compensate their employees, including Plaintiff and the members of the Collective, Defendants have violated and, continue to violate, the FLSA.

47. Defendants have failed to make, keep, and preserve records with respect to each of their employees sufficient to determine the wages, hours, and other conditions and practices of

employment in violation of the FLSA.

48. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

49. Due to Defendants' FLSA violations, Plaintiff, on behalf of himself and the members of the Collective, is entitled to recover from Defendants unpaid overtime compensation, actual and liquidated damages, including HV's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, attorneys' fees, costs, and disbursements of this action pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

Wherefore, Plaintiff on behalf of himself and all other members of the Collective requests this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the members of the Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly-situated members of the FLSA collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual consents to sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

c. An award of overtime compensation due under the FLSA;

d. An award of liquidated and/or statutory penalties as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

    e. An award of damages representing HV's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

    f. An award of pre-judgment and post-judgment interest at the maximum rate permitted by law;

    g. An award of costs and expenses of this action together with attorneys' and expert fees; and

    h. Such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he and all members of Collective have a right to jury trial.

Respectfully submitted this 14th day of July, 2020.

                                              */s/ Andrew E. Swan*
                                              Paul F. Lewis
                                              Michael D. Kuhn
                                              Andrew E. Swan
                                              LEWIS | KUHN | SWAN PC
                                              620 North Tejon Street, Suite 101
                                              Colorado Springs, CO 80903
                                              Telephone:   (719) 694-3000
                                              Facsimile:    (866) 515-8628
                                              Email:         plewis@lks.law
                                                                      mkuhn@lks.law
                                                                    aswan@lks.law

                                              *Attorneys for Plaintiff*

Plaintiff's Address:
5260 Water Dipper Road
Colorado Springs, CO 80911